# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| RICKY WALTER DENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-04059-VEH-JEO |
| | ) |
| COLBERT COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on February 2, 2015, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 38). The plaintiff filed objections to the report and recommendation on February 23, 2015. (Doc. 41).

In his objections, the plaintiff merely restates that his claims against defendants May and Vanderford for allegedly intercepting his outgoing mail and showing the same to others are not barred by the doctrine of *res judicata*.[1] (Doc. 41 at 1-2). The

---

[1] The plaintiff maintains that the Alabama Department of Corrections (ADOC) is responsible for Colbert County Jail's policies and procedures. (Doc. 41 at 2). However, he does not object to the magistrate judge's finding that the Eleventh Amendment bars his § 1983 claims against the ADOC. He also does not object to the magistrate judge's finding that he has failed to adequately allege facts as to defendant "John Doe." The court has nonetheless reviewed thoe findings and finds that they are correct applications of the law to this case.

plaintiff argues that he did not know the "details" of who was intercepting his outgoing mail until his robbery trial in 2011. (Doc. 41 at 2).

Upon review of the plaintiff's previous state court litigation, it is apparent that the plaintiff was well aware of the conduct about which he complains before his federal robbery trial in 2011. The plaintiff previously filed suit on November 17, 2010, in the Colbert County Circuit Court against the very same defendants — May and Vanderford ---- for allegedly intercepting his outgoing mail and showing the same to others, which are the same operative facts and legal theories asserted in the present case. Additionally, the state court dismissed the plaintiff's lawsuit against defendants May and Vanderford with prejudice. Therefore, *res judicata* applies and the plaintiff's claims against May and Vanderford are due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DONE** this 24th day of March, 2015.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge